JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 23 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

4/23/80

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SICILIA DI R. BIEBOW          )    Docket No. 423
& COMPANY CONTRACT LITIGATION       )

OPINION AND ORDER

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROY W. HARPER, CHARLES R.
WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE, FREDERICK A.
DAUGHERTY, AND SAM C. POINTER, JR., JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of two actions pending in
two federal districts:  one each in the Northern District
of Texas and the Southern District of Mississippi.

The Texas action was filed in November, 1979, by Sicilia
Di R. Biebow & Co. (Biebow) against Ronald C. Cox (R. Cox)
and Sales U.S.A., Inc. (Sales U.S.A.).  Biebow is a limited
Italian partnership of German citizens that owns United
States Letters Patent No. 3,378,168 dated April 16, 1968,
for "an invention of a dispensing mechanism which, when
squeezed, causes a pair of liquids held in separate containers
to mix with each other, and results in the dispensing of
lemon and lime juices."  Biebow distributes this invention
under the registered trademark "Sicilia."

On November 22, 1967, Biebow entered into a distributorship
contract with Smoked Foods Products Company, Inc. (Smoked
Foods) that permitted Smoked Foods to be the sole distributor

in the United States of Sicilia lemon juice in a plastic

bottle.  The contract provides also, inter alia:

> DURATION.  This Agreement shall be binding on both
> parties hereto for two (2) years from and after January 1,
> 1968.  If, during the calendar year 1969, Distributor
> has not ordered and paid for lemon juice costing at
> least $150,000.00, then, and in that event, Manufacturer
> may, at its option, terminate this Agreement.  Any
> such termination must be given within sixty (60) days
> after January 1, 1970 and will be effective July 1,
> 1970.  In the event Distributor has purchased and paid
> for lemon juice in the minimum amount of $150,000.00
> during the calendar year 1969, then this Agreement
> shall be automatically renewed from year to year as
> long as the lemon juice purchased and paid for by Distri-
> butor during any calendar year, under the terms of
> this Agreement, equals or exceeds $150,000.00 or sixty
> (60%) of the lemon juice purchased or paid for during
> the preceding calendar year, whichever is greater.
> Failure on the part of Distributor to purchase and
> pay for lemon juice as hereinbefore set forth shall
> give to Manufacturer the option of terminating this
> Agreement as hereinabove set forth.  Distributor may
> cancel or terminate this Agreement at the end of any
> calendar year after the calendar year 1969 upon six
> (6) months written notice to Manufacturer.  If Distributor
> terminates this Agreement, without just cause, then
> Distributor agrees that it will not manufacture or
> distribute any form of lemon juice in the United States
> of America for a period of five (5) years from the
> date of such cancellation or termination.  In the event
> of termination of this Agreement for any reason, the
> Distributor shall be liable to Manufacturer for lemon
> juice theretofore ordered and delivered in accordance
> with this Agreement.

The November 22, 1967 contract was supplemented by

an agreement dated February 26, 1975, that provides, inter

alia, that future payments by Smoked Foods be made in Swiss

francs.  Both contracts were signed on behalf of Smoked

Foods by Marcus Cox (M. Cox), who is the chairman of the

board of Smoked Foods and a defendant in the Mississippi

action only.  R. Cox is a defendant in the Texas action

only, is president of Smoked Foods, and is the son of R.

Cox.

FPI—MAR—3·27·79·6M·1781

Biebow alleges in the Texas action that by September 18, 1978, R. Cox completed the formation of Sales U.S.A. "as the vehicle for a prohibited competing business in lemon and/or lime products," known as "Pompeii." Biebow charges defendants in the Texas action with patent infringement, unfair competition and breach of the 1967 distributorship contract as modified in 1975. Biebow seeks injunctive relief and damages.

R. Cox and Sales U.S.A. have filed a counterclaim against Biebow in the Texas action, alleging that Biebow's dealings with them constitute violations of the federal and Texas antitrust laws and that the patent in question is invalid.

The Mississippi action was filed also in November, 1979, by Biebow and Sidag Aktiengesellaschaft (Sidag), a Swiss corporation that is a "wholly owned operating vehicle of Biebow, affiliated as a manufacturing arm and handling central billing and inventory management functions for plain-tiffs," against Smoked Foods and M. Cox and Pauline Cox (P. Cox). The Mississippi complaint seeks to recover from defendants on five separate counts.

In count one, plaintiffs seek to recover 141,613.25 Swiss francs allegedly due them for three purchases made by Smoked Foods from Sidag in 1978, pursuant to the same 1967 distributorship contract that is involved in the Texas action. Count two charges defendants with conversion of a total of $34,755.68 deposited in the name of Biebow in

Deposit Guaranty National Bank, Jackson, Mississippi (Deposit
Guaranty). Count three charges that "on or about January
2, 1979 defendants ... fraudulently obtained $10,000 in
monies belonging to [Biebow] at [Deposit Guaranty]."  Count
four charges that "on or about December 26, 1978, defendants
... fraudulently obtained $4,755.68 in monies belonging
to [Biebow] on deposit with [Deposit Guaranty].  Count five
charges defendants with breach of the 1967 distributorship
contract as modified in 1975.  Plaintiffs charge that defendants
used plaintiffs' funds that were on deposit in Deposit Guaranty
in "establishing unfairly competing lemon and lime juice
products, one of which is known as 'Pompeii', in violation
of the contract between plaintiffs and defendants and in
unfair competition with plaintiffs' product."  Plaintiffs
allege that "such products are offered ... by an enterprise
having its home office in Texas and being managed by [R.]
Cox for defendants." Plaintiffs seek injunctive relief and
damages.

Smoked Foods, R. Cox and P. Cox have filed a counterclaim
against Biebow and Sidag in the Mississippi action, alleging
that Biebow breached the 1967 distributorship contract as
modified in 1975 by establishing other American distributors
for Biebow products, and that Biebow breached an agreement
between Biebow and Smoked Foods to build a bottling plant
for Biebow's products in the United States.

Presently before the Panel is a motion by Biebow and
Sidag, pursuant to 28 U.S.C. §1407, to transfer the Mississippi
action to the Northern District of Texas for coordinated
or consolidated pretrial proceedings with the action pending
there.  Defendants in the Texas and Mississippi actions
oppose the motion.

We find that, although these actions involve some common
questions of fact, transfer under Section 1407 would not
necessarily serve the convenience of the parties and witnesses
or promote the just and efficient conduct of the litigation.
Accordingly we deny the motion to transfer.

Movants contend that "[t]he parties in both actions
are identical or are very closely related," that the actions
share "important common questions of fact" and that therefore
centralization is necessary in order to avoid conflicting
pretrial rulings, prevent duplicative discovery and other
pretrial proceedings, and reduce the costs of litigation.

Movants argue that among the important common questions
of fact are issues relating to the 1967 distributorship
agreement as supplemented in 1975, including the alleged
violation of the "non-competition clause" and questions
concerning whether Biebow or Smoked Foods terminated the
contract.  Movants emphasize that Biebow is a plaintiff
in both actions and that R. Cox, a defendant in the Texas
action, is president of Smoked Foods, a defendant in the
Mississippi action.  Also, movants stress that R. Cox is

the son of M. and P. Cox, defendants in the Mississippi
action.  Movants maintain that these parties, plus an additional
three individuals who are residents of Minnesota and Jackson,
Mississippi, will be witnesses in each action.

We find these arguments unpersuasive.  Only two actions
are involved here.  And, although we recognize the existence
of common questions of fact between these two actions, movants
have not met their burden of convincing us that those common
factual questions are complex enough and that the accompanying
discovery will be so time consuming as to justify transfer
under Section 1407.  See In re Scotch Whiskey Antitrust
Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

We observe that suitable alternatives to Section 1407
transfer are available in order to minimize the possibility
of duplicative discovery.  For example, notices for a particular
deposition could be filed in both actions, thereby making
the deposition applicable in each action; the parties could
seek to agree upon a stipulation that any discovery relevant
to both actions may be used in **each action; any party could seek**
orders from the appropriate district courts directing the
parties to coordinate any pretrial efforts germane to both
actions; and any party may request from the appropriate
district court that discovery completed in either action
and relevant to the other action be made applicable to that
action.  See also In re The Upjohn Company Antibiotic Cleocin
Products Liability Litigation, 81 F.R.D. 482 (E.D. Mich.
1979); Manual for Complex Litigation, Parts I and II, §§3.11

(rev. ed. 1977).  Also, consultation and cooperation among
the two concerned district courts, if viewed appropriate
by those courts, coupled with the cooperation of the parties,
would minimize the possibility of conflicting pretrial rulings.
See In re Texas Instruments Inc. Employment Practices Litigation,
441 F. Supp. 928, 929 (J.P.M.L. 1977).

   IT IS THEREFORE ORDERED that the motion pursuant to
28 U.S.C. §1407 for centralization in a single district
of the actions listed on the following Schedule A be, and
the same hereby is, DENIED.

SCHEDULE A

DOCKET NO. 423 -- IN RE SICILIA DI R. BIEBOW & CO. CONTRACT
                        LITIGATION

SOUTHERN DISTRICT OF MISSISSIPPI

Sidag Aktiengesellschaft, et al. v.          Civil Action
Smoked Foods Products Co., Inc., et al.      No. J79-0553(R)

NORTHERN DISTRICT OF TEXAS

Sicilia Di R. Biebow & Co. v.                Civil Action
Ronald C. Cox, et al.                        No. 3-79-1397-D